UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| THOMAS LANDRY, | |
|---|---|
| Plaintiff, | 19 Civ. 3385 (KPF) |
| -v.- | **OPINION AND ORDER** |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

By Opinion and Order dated March 5, 2021, the Court denied the parties' cross-motions for summary judgment and remanded the case to Defendant as Claims Administrator for consideration of Plaintiff's appeal. *Landry* v. *Metro. Life Ins. Co.*, No. 19 Civ. 3385 (KPF), 2021 WL 848455, at *13 (S.D.N.Y. Mar. 5, 2021). As relevant to the instant motion, the Court denied Plaintiff's application for attorneys' fees, costs, and prejudgment interest without prejudice to its renewal. *Id.* Now before the Court is Plaintiff's motion for reconsideration of the Court's March 5, 2021 Order insofar as it denied his application for attorneys' fees and costs (Dkt. #53 ("Pl. Br.")), and Defendant's opposition (Dkt. #55 ("Def. Opp.")). The Court has carefully reviewed the parties' submissions and is not persuaded that it overlooked controlling legal authority or factual data that would change its decision, or that reconsideration is needed to prevent manifest injustice. Plaintiff's motion is therefore denied.

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d

383, 403 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Plaintiff is unable to meet the stringent requirements for reconsideration. Plaintiff argues that the Court should reconsider its decision because "the prevailing position in District Courts in this Circuit is that ... a remand [to the

Claims Administrator] is all that is needed for a[n ERISA plaintiff] to demonstrate the degree of success required to be awarded attorneys' fees under ERISA." (Pl. Br. 1-2). Plaintiff may well be correct that other courts have awarded fees in similar circumstances, but the fact remains that a court "is not *required* to award fees simply because" an ERISA plaintiff achieved "some degree of success on the merits." *Toussaint* v. *JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011) (emphasis added). Furthermore, the Court notes that it has not decided whether remand to the Claims Administrator — without more — constitutes "some success on the merits" such that the Court may exercise its discretion to award attorneys' fees under 29 U.S. § 1132(g)(1). The Court's March 5, 2021 Opinion reached a conclusion only regarding the need for Defendant to provide a "full and fair review" of Plaintiff's appeal, not the ultimate merits of Plaintiff's appeal.

The Court denied Plaintiff's application for fees not because it failed to apply the relevant case law, but because it determined that "it would be premature to award fees, costs, and interest at this time." *Landry*, 2021 WL 848455, at *13. Specifically, the Court considered that its assessment of the degree of Plaintiff's success — and accordingly, his entitlement to fees — would be influenced by the ultimate resolution of Plaintiff's claims: on remand, and after further motion practice in this Court. *See id.* Accordingly, Plaintiff fails to point to any "intervening change of controlling law," "new evidence," or a "need to correct a clear error or prevent manifest injustice," *Virgin Atl. Airways,*

*Ltd.*, 956 F.2d at 1255, and as such, his motion for reconsideration must be denied.

Even considering Plaintiff's motion for reconsideration on the merits, the Court determines that it is premature to award attorneys' fees and expenses at this time, for the same reasons it denied Plaintiff's request without prejudice in its March 5, 2021 Opinion. The Court has remanded the case to Defendant for consideration of Plaintiff's appeal, and the Court's ultimate resolution of Plaintiff's fee application — including the reasonableness of the fees requested — will hinge, in part, on Plaintiff's degree of success *vel non* on remand and in further litigation in this case.[1] Additionally, the Court believes that judicial economy weighs in favor of resolving Plaintiff's fee application at the conclusion of this litigation, rather than litigating successive, piecemeal motions for attorneys' fees and costs.

The Clerk of Court is directed to terminate the motion pending at docket entry 51.

SO ORDERED.

Dated: May 3, 2021
New York, New York

                                                    KATHERINE POLK FAILLA
                                                    United States District Judge

---

[1] The Court reiterates its observation that "the additional evidence provided by Plaintiff in this litigation … calls into question the correctness of the MetLife's determination of Plaintiff's relevant income[.]" *Landry* v. *Metro. Life Ins. Co.*, No. 19 Civ. 3385 (KPF), 2021 WL 848455, at *13 (S.D.N.Y. Mar. 5, 2021). Accordingly, on remand, the Court expects Defendant to conduct a "full and fair review" of Plaintiff's appeal to address these potential issues.